IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | No. 4:10CR00166 SWW |
| | * | |
| DOUGLAS SCOTT REEVES | * | |

**Memorandum Opinion and Order**

Pending before the Court is defendant's motion to suppress. The government filed a response to the motion. The Court held an evidentiary hearing on May 6, 2011. At the conclusion of the hearing, the Court denied the motion. The Court sets out its ruling below.

On March 20, 2010, at approximately 3:30 p.m., Fifth Judicial Task Force Officer Larry Johnson received a call from 911 dispatch in Russellville, Arkansas, stating they had received a call about a methamphetamine cook at the Lakeside Motel, room number 8. Officer Johnson called the number of the person who had called 911 and the person informed Johnson that the defendant, Scott Reeves, was in room 8 at the Lakeside Motel doing a cook. Officer Johnson, along with officers from the Russellville Police Department went to the motel. Officer Johnson knocked on the door and heard someone moving around inside. He continued to knock on the door but no one answered. Officer Johnson as well as Russellville police officer Glen Daniels smelled a chemical odor coming from inside the room.

Officer Johnson asked the manager of the motel to open the door to room number 8. As the manager attempted to open the door, he stated something was blocking the door from the inside. The defendant testified he had put a chair under the door handle. Officer Johnson pushed

the door open far enough to smell a strong chemical odor in the room. Officer Johnson ordered the person in the room to come out and defendant came out of the bathroom. Defendant testified Johnson had a gun pointed at him and told him to exit the room. When the defendant came out the door, he fled the officers. The defendant testified he did not know Johnson and Daniels were police officers. The defendant was apprehended by an Arkansas State Police officer who, defendant testified he knew and ran towards as he was fleeing Johnson and Daniels.

Officer Johnson testified he went back to the room which another officer was keeping secure. Officer Johnson and Russellville police corporeal Lee Goemmer made sure there was no one else in the room. Officer Johnson said he observed several items consistent with the manufacture of methamphetamine. There were no other individuals in the room, and Johnson left to obtain a search warrant to search the room while Goemmer stayed behind to keep it secure. Russellville police officer Mike Evans later relieved Goemmer. Officer Johnson returned with a search warrant and recovered equipment, chemicals, products, and materials used in the manufacture of methamphetamine as well as ammunition. Defendant argues the officers illegally entered his motel room, that the search warrant obtained after the illegal entry was invalid, and that the evidence obtained should be suppressed.

"A warrantless search is reasonable when justified by both probable cause and exigent circumstances." *United States v. Walsh*, 299 F.3d 729, 733 (8th Cir. 2002)(quoting *United States v. Parris*, 17 F.3d 227, 229 (8th Cir. 1994). The Eighth Circuit "has consistently considered safety factors in determining whether exigent circumstances existed." *Id.* at 734 (quoting *United States v. Boettger*, 71 3d. 1410, 1415 (8th Cir. 1995)). The "potential hazards of methamphetamine manufacture are well documented, and numerous cases have upheld limited warrantless searches

by police officers who had probable cause to believe they had uncovered an on-going methamphetamine manufacturing operation." *Id*.

The Court finds Johnson had probable cause to believe that methamphetamine was being illegally processed in the motel room. Officers Johnson and Daniels had specialized training related to narcotics enforcement and investigation. They both smelled fumes that smelled like a meth lab, and the call to 911 corroborated the odor coming from the room. Also, they knew from their training that the fumes from a meth lab can be very dangerous: that people can pass out while cooking methamphetamine and some of the components can be volatile when mixed with each other. The Court finds the scope of the warrantless search of the motel room did not exceed what was necessitated by the exigency, the officers did not conduct a full search of the premises until they obtained a search warrant, the search warrant was issued based on probable cause, and the evidence gathered should not be suppressed.

IT IS THEREFORE ORDERED that the motion to suppress [docket entry 23] is denied.

DATED this 31st day of May, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE